McCALEB, Justice
(concurring in part, dissenting in part).
I am in full accord with the holding of the majority that plaintiff’s claim for $1,-400, as assignee of the Cliftons, is without merit.
On the other hand, I think that plaintiff is entitled to recover $790 from the defendant, as a realtor’s commission, under the verbal agreement to sell defendant’s property. The written offer of Lymberis to purchase the property for $15,800, which was accepted by defendant, was a binding contract which could have been specifically enforced. The only reason advanced by *708 defendant for not resorting to this remedy provided for in the agreement is that his contract with the Cliftons, which was conditioned on his ability to sell his house before sixty days, had fallen through. If this be so (and the majority .find it to be a fact), defendant could have released Lymberis from his offer since the latter was anxious to be relieved and, had he done so, I might be able to follow the reasoning of the majority that the commission of the realtor was not earned as the deals were interdependent and the parties did not contemplate payment unless both transactions were executed. But the fact is that defendant would not and did not release Lymberis from his engagement without the payment by the latter of a consideration, i. e., the $250 deposit. Having insisted that the contract between himself and Lymberis was enforceable and having obtained a consideration from Lymberis for his release, defendant, in my opinion, is in no position to urge that plaintiff has not performed his agreement of securing a purchaser ready, able and willing to buy his property.
Moreover, I see no just ground for denying a realtor recovery of a commission, where he has brought the parties together and they have confected an executory contract of sale and purchase, merely because his principal does not see fit to enforce the right of specific performance. To say that the principal bargained to sell, his property “and not for a lawsuit” should not affect the agent’s right to recompense, unless liability for the commission is conditioned on a consummation of the sale. The rule of law is well stated in 12 C.J.S. verbo Brokers, § 84, p. 185, thus: “Furthermore, a broker employed to negotiate a sale, purchase, or exchange, and, a fortiori, a broker employed merely to find a purchaser, becomes entitled to a commission when he produces a customer who enters into' a binding and enforceable contract of purchase, sale, or exchange, as the case may be, with the principal or for a price and on the terms demanded by the principal, although without any fault on the part of the broker the contract is never carried out, unless there is a stipulation, express or implied, making his right to compensation depend on the performance of the contract.”
For these reasons, I dissent from the ruling rejecting plaintiff’s démand for a commission.